Diane Burley for Appellant Marco Antonio Damian. I'd like to address myself to two major components in this argument. The first is why the 1996 retrial was a double jeopardy violation. The first trial, which was actually a court trial, and there is a minor error in the briefs because I said it was a jury trial. So it's hard to keep the trials straight in this case. The court acquitted Mr. Damian of Count 4, which was actually he found him guilty of a lesser offense in Count 4, which was brandishing. It was originally charged as California Penal Code Section 245, which is assault with a deadly weapon. Count 5, which was assault with a deadly weapon. And Count 6 was shooting at a habitant dwelling. So this is in 1991. And the very first thing that happens in this case, the very first decision is that these three counts, the court, the court found him not guilty of those counts. In 1996, the case was retried, and the court didn't realize until sentencing that the Counts 4, 5, and 6, which I'm now going to call the Jeopardy Barred Counts, those counts were tried and submitted to the jury, and the jury found Mr. Damian guilty. We handled the third appeal, which was decided in 1999, and we argued that it, in fact, was a double jeopardy violation, and the Court of Appeal, Fourth District Division 3 in California, disagreed with us and said it was not a double jeopardy violation. Mr. Damian filed a pro per petition in the United States District Court, for the Central District. It ended up eventually before this court. Judge Reinhart was on the panel, along with two other judges that are not on the panel today, and the court determined that the state court's conclusion that there was no double jeopardy violation with respect to the murder conviction was contrary to the reasoning and result required by federal law. And that was the reliance on Morris v. Matthews. Yes, they were relying on Morris v. Matthews, and they went further and said that it was a double jeopardy violation. But Morris v. Matthews itself, the remedy was a remand for a new trial. So how do you get around that? Morris v. Matthews did talk about a retrial. However, we believe that the burden shifted to us, the burden shifted to Mr. Damian to demonstrate a reasonable probability that he wouldn't have been convicted of the non-Jeopardy Bar offense, absent presence of the Jeopardy Bar offenses. In fact, he met that burden. And I think that that, I mean, I'm in this, the kind of unusual position of telling the court what, trying to tell the court what it meant. But I think what the court was saying was that he met his burden and that it was a double jeopardy violation. And by definition, the defendant is put twice in jeopardy when he's retried. So this court found a double jeopardy violation. And even, so the case should not have gone forward the third time. The case should not have gone back for retrial in Orange County. But why couldn't it go back on the non-barred charge? Excuse me? Our opinion, I'm assuming Judge Reinhart wrote it, but didn't it say that the error was in trying all the charges, the barred charges, along with the non-barred charges? Yes, Your Honor. But I think the language, again, I'm in this kind of peculiar position of telling the court what it meant. But I think it's, I think that the court went further than that and said, let me get the exact language. After talking about Morris v. Matthews, the court, I don't know that it exactly distinguished it, but they said was that we further determined that the state court's conclusion that there was no double jeopardy violation with respect to the murder conviction was contrary to the reasoning required by federal law. In contrast, there's not a reasonable probability it would have been convicted of the three lesser counts that were not ultimately set aside. And so then the court affirmed the district court's denial in part and reversed and remanded with respect to the second degree murder. I guess the sticking point for me and for us is that once there's been a finding that there's a double jeopardy violation, Well, see, it depends on what you mean by a double jeopardy violation. A double jeopardy occurs because you've used material that is already barred, and that's what makes it double jeopardy. Right, it makes it. That you use double jeopardy barred material. Correct. Okay, now, if you don't use, that doesn't mean necessarily that the murder charge itself is double jeopardy barred. The material is double jeopardy barred, so there is a double jeopardy violation, but it's not with respect to the murder charge. It's respect with the way you got to the murder charge. I understand that, Your Honor, and my reading of the court's opinion in Damien v. Vaughn is that the court was going one step further in saying that there was a double jeopardy violation. Well, why would there be a double jeopardy violation? I mean, why was the murder charge? Because the underpinnings of proving it shouldn't have been there. The second degree murder was based on Mr. That's like saying that they used evidence that shouldn't have been there or a confession that shouldn't have been there. Granted, but again, I'm in this awkward position. That's all right. Don't feel badly. I thought that that's what the court meant. Who knows what the court meant? No, I don't. But nevertheless, even if It doesn't matter what it meant anyway. What matters is what it said. Yeah, well, to me what it said was that it was a double jeopardy violation as to the second degree murder charge. Now, if that was not what it said. Well, it was. Yes. To the extent that it was a double jeopardy charge as to the murder conviction, it was barred the way an illegal confession would bar a conviction. Okay. Well, very well. If that was the court's intent. Well, let's just say that's one way to view it. Why is that not the proper way to view it? Because the language of the opinion went further and said we furthermore think that there was a double jeopardy violation as to. Well, there was. That's like saying there's an illegal confession violation as to the murder conviction. But I feel like we're going in circles. If there's a double jeopardy violation vis-a-vis the second degree murder conviction, then the second degree murder conviction, by definition, is the result of Mr. Damien being twice put in jeopardy. Well, so far, neither the state courts nor the court below agreed with that position, right? Well, I mean, I am of the opinion that they are wrong. Right. And that's why you're here. So just tell me, why is it, though, that what the court said in that memorandum disposition, which is a good reason that we shouldn't be writing so many memorandum dispositions. Yes, sir. But why is it different than if we said the murder is an unlawful confession, therefore the murder conviction is no good? Why is that different from saying there's a double jeopardy violation, therefore the murder conviction is no good? Your Honor, I don't have an answer to that other than the court's own language. It says we've further determined that there's conclusion that there was no double jeopardy violation with respect to the murder conviction was contrary to the reasoning and result required by federal law. Well, I think it could have been said more clearly. No question about that. Yes, Your Honor. And again, if that's not what the court intended to say, then... As I said, it doesn't really matter. You can take advantage of whatever the court said rather than what it intended. Just trying to do the best I can for my client, I felt very strongly about what the language said. However, even if I'm wrong, the Superior Court in Orange County went back and retried this case. They admitted the three jeopardy barred counts as uncharged offenses. They refused to tell the jury. They refused the defense request to tell the jury that those offenses were... that Mr. Damien was acquitted of them. So they went into evidence in such a way that the jury in what was now what? The third trial? Fourth trial? I can't keep track. Fourth. Fourth trial. Thought that those were something he was convicted of when in fact he wasn't. But isn't that a state law evidentiary question that can't be reviewed on federal habeas? I think it's a due process violation, Your Honor. Do you have any controlling authority that says that? Not at my fingertips. I'm sure I could find some, but it just seems to defy common sense. When this Court's talked about double jeopardy and how these are jeopardy barred counts, that having this go into evidence, which completely misled the jury, and especially because in the language of Damien v. Vaughn, this Court talked about the fact that the underpinnings of the finding of implied malice second-degree murder were based on these counts because they were talking about escalating violence, and then the jeopardy barred counts were to establish escalating violence. The district attorney called it a rampage and that the culmination of the rampage was the murder. But under the deferential standard of review in 2254D, don't you have to have controlling authority from the Supreme Court? I think the controlling authority is the due process. Well, can you name a case? Not on due process. I think that even United States v. Dixon says you can't retry these counts. Can I ask you, your time's up, well up. I just want to know, his first trial, the incident occurred in 1991. That is correct. Has he been incarcerated all this time? He has. So he has a 15-year sentence which commenced when? Has he been released? No. So when did the 15-year sentence commence? Your Honor, I believe it commenced in 1991. Wasn't it 15 years to life? It was 15 years to life. Plus one year. Plus one year for the year. And what is the effect of the plus one year? Does that bar him from seeking parole after 15 years? No, and I believe there has been one parole hearing, but he is now in his mid-40s, and I want to point out that he did not shoot the gun, he was driving the car. Yeah, so I just want to understand, so he's actually been incarcerated since 1991. Yes, he has. 25 years. One parole hearing. And I believe there's been one parole hearing. I'm not familiar with the details of it. Obviously it was denied. So, but, and then the cumulative error issue is the other thing I wanted to talk about, which is that, again, I think it's a due process violation to enable the people to retry this case and perfect their case over, you know, the course of now a fourth trial. Again, I had... But isn't cumulative error usually contained within a single case? Your argument is that the prior three cases and their cumulative error is a due process? No? No. What I'm saying is, Your Honor, that the DA got to practice. The DA basically got four bites at the apple. You know, the DA in the final trial that we're talking about, the fourth retrial, was able to... decided to... They realized their implied malice theory was a little shaky, so they brought in a gang expert for the first time. Ms. Ceniceros was given a deal and was released, and her trial testimony, we detailed it in the briefs, was perfected. You know, it was exactly what the DA wanted, and it definitely didn't... It was detrimental to Mr. Damien. So that's the other thing. I mean, four trials at that point, I think the court has to take a look at it and the fundamental unfairness of it. I don't have a case at my fingertips, but it seems that this is collateral estoppel, perhaps. I think we argued that in the briefs. And just fundamentally unfair, you know, collateral estoppel gone amuck. Do I have any time left to resume? No, thank you. Okay, thank you. Good morning, Deputy Attorney General Paige Hazard, appearing for appellee respondent. As your honors are aware, this is a case involving Damien's fourth trial for murder in Orange County Superior Court, resulting from the 1991 gang-related drive-by shooting spree. The district court correctly determined the state court's rejection of Damien's claim that retrial was barred was reasonable under AEDPA. The Court of Appeal rejected this claim in the reasoned decision and noted this court cited Fort Morris v. Matthews as the clearly established federal law applicable to this claim, which held when an unbarred offense is tried with a jeopardy bar charge, the appropriate remedy could be retrial or modification of the verdict. Appellant seems to be mixing up the remedies offered in Morris and also what the goals were in that case. In that case, the defendant conceded that retrial was permissible and was actually seeking that remedy. When the court in that case applied the prejudice standard, it determined there was no prejudice and therefore allowed the verdict to be modified. In this case, this court did find a double jeopardy violation. However, what appellant is calling this court going one step further in finding an insufficient evidence determination was in fact this court applying the prejudice test as articulated in Morris. And that test is whether the defendant can demonstrate to a reasonable probability that he would not have been convicted of the non-jeopardy bar defense absence of the presence of the jeopardy bar defense. Therefore, when this court found there was prejudice, the appropriate remedy was retrial and not modification of the verdict. Which is exactly... What effect, Annie, is the fact that the... Do you give to the fact that the court said that carried a burden of showing that there's no reasonable probability that he could have been convicted on that evidence? Well, this court didn't say he could not have been convicted of that evidence no matter what... No, I said on that evidence. Excuse me? Could not have been convicted using that evidence. In the evidence presented in that particular trial. Yes, this court was not sure that if you remove the language for the assault from that particular case that it could be assured that the murder conviction would have stood and therefore sent it back to try again to see if the underlying evidence supporting those assault charges could still support the implied malice theory. And in fact, the jury did find that there was malice and convicted him for a fourth time. Suppose that the record were identical. The record at the new trial was identical to the record at the old trial. Would that make any difference? Well, it would make a difference in the sense that in this case, in order to avoid the errors of the fourth trial, we removed the court and the prosecutor and the witnesses removed any language of assault from that case. But as the court of appeal opinion had noted, the underlying evidence supporting the assault charges is the same evidence that was also used to convict of the brandishing of weapon charges. So that evidence was not only relevant, but it still dealt with convictions for which he was convicted of. So the court, in an error in abundance of caution, did exclude evidence that the two female victims who he originally brandished the weapon at heard a gunshot. That evidence was removed in order to heed this court's warning that those assault charges needed to be removed from the case. So you said there was evidence that was subtracted, no additional evidence was added. Correct. Then I go back to the question, including shifting the burden, that we'd further determine, you know, that the one that says that there's reasonable probability sufficient to undermine our confidence in the outcome that the state would not, on the record it made, meaning the same record, would not have been able to prove the necessary element of malice and that he would not have been convicted of second-degree murder. Is there any effect of that statement? That statement, again, Your Honor, that's the test for prejudice articulated in Moore. It's not an insufficiency finding. I mean, a sufficiency review is addressing whether or not the government's case was so lacking that it never should have gone to the jury at all. This isn't a case like Morris v. Matthews where the extra element in getting to the jeopardy bar defense was, in fact, the conviction for aggravated murder. The evidence leading towards the implied malice finding here, I mean, applied malice is the killing results from an intentional act, the natural consequences of which are dangerous to life, that's a bit more amorphous. And, in fact, we still have an escalating crime spree which happened in this case, which started with brandishing a weapon, then escalated to shooting at an inhabited residence, and then eventually escalated to shooting at murder. All of that was in the first record. And the court says, without the jeopardy barred count of assault, if we remove that, which you did, there's a reasonable probability sufficient to undermine our confidence in the outcome. The state would not, on that record, be able to prove the necessary element of malice. Correct. Now, I know the court says it in the context of prejudice rather than in the context of insufficient evidence, but does the statement have any binding effect? No, Your Honor. That statement is saying, we just can't say for certain that this charge would hold up. But, in fact, it did. Based on that same evidence, the prosecution pursued its case, and the jury did find the implied malice. Well, it wasn't exactly the same evidence. Didn't they call a new expert on gangs? They also called a new expert on gangs. Correct. Just regarding the evidence in terms of the brandishing and the two female victims and removing any evidence or naming of the assault charges themselves. This court, in reversing the case, said it was unsure whether or not the case would still hold up. But, in fact, it did. It was unsure, so the case was reversed and remanded for a fourth trial, and now we know the prosecution was able to prove its case and the conviction should now be affirmed because the trial court heeded this court's direction and did exactly what it's supposed to do, and, in fact, the case was proved. Moving to the second issue. Is there an outer limit on how many times a state can retry someone? No, Your Honor. In terms of due process? No, Your Honor. However, in Dowling v. United States, the United States Supreme Court did say that the Double Jeopardy Clause is a sufficient protection for concerns of this nature. Of course it's not ideal to put someone through four trials. However, the state also has an interest in getting it right and holding people accountable for their crimes. So being mindful of the Double Jeopardy Clause and that there was no violation in this fourth trial, the Court of Appeals opinion should stand that the district court correctly determined the issues in this case. Dowling is the case that's on point for the second issue, which said due process does not require exclusion of testimony relating to the alleged crime of which a defendant was acquitted, and although there is potential for prejudice, admission of such evidence is okay if it's circumstantially valuable to proving a case and also the jury was properly instructed. There is no disagreement that the evidence was absolutely relevant under California Evidence Code 1101B, and the court, as noted, heeded this court's direction and removed all mention of assault from the case. There is no prejudice in this case. There's no dispute that he was in the car, that he was driving, that he was with a group of gangsters looking for vengeance, and that the victim was connected with their rivals. And reversal of his murder conviction in the third trial had no command to exclude evidence of the brandishing with regard to the first two female victims. But we're gang members, not gangsters. That's a different category. Yes, gang members. My apologies, Your Honor. So also as noted, the trial court did exclude some evidence in order to reduce any sort of prejudicial effect, and in doing so, the evidence was not unduly prejudicial within the realm of California Evidence Code 352. As Your Honor mentioned, this is essentially a state law issue, and appellant can point to no case to show that this trial was fundamentally unfair as a result of these evidentiary decisions. In conclusion, because the state courts properly found the facts and appropriately applied the law such that Damien cannot establish any merits decision denying him relief is contrary to or an unreasonable application of United States Supreme Court law, and the district court properly applied the Death Penalty Act, appellee requests the district court's denial of habeas relief be affirmed. What is the effect of the 15 to life plus one year? Your Honor, I'm not exactly sure. My general understanding of sentencing is that they separate those out, so you will absolutely have to serve the one year separate and apart from the 15 years to life, but we have no information in terms of where his sentence is. Do you know whether he actually had a parole hearing? I do not have any information with regard to him. Thank you. Thank you. I do have one question on the defendant's cumulative error argument. Yes. What's the state's understanding of their argument? Because I'm not sure I understand it, so. Well, we did not brief that issue since it was not certified for review, and we'd be happy to provide more briefing on that. However, there was no cumulative error, and this was addressed by the lower courts and found that even though there was a gang expert, there was no new sort of arguments or evidence that came in other than his testimony. The victim who was killed was not a direct rival of their gang, this gang more affiliated with a rival of their gang, so there really was no prejudicial effect to that. The victim who testified in the fourth trial, she had been given a release date, but she was by no means released as of the time of the trial, so our position generally is that there is no cumulative error and this trial was appropriate and his rights were accurately maintained by the double jeopardy clause itself. Thank you. Thank you, counsel. I think your time is up. If you really are anxious, we'll give you 30 seconds. First of all, there has been a parole hearing, to answer your question, and he was denied parole, but I don't know the details of why. The second takeaway that I would like to leave this court with is that these accounts that were supposed to be barred came back into evidence. Unless I'm missing something, I do not see, we do not see how that is honoring the court's decision and Damien v. Bond when that's the very basis of the state's theory that the jeopardy barred accounts, in fact, were the basis of the implied malice murder finding. So with that, I would submit. Thank you, counsel. Thank you.
judges: Reinhardt, Wardlaw, Bennett